Opinion by WILSON, J.  In accordance with stipulation of counsel that the merchandise consists of lambskin plates the same in all material respects as those the subject of *A. S. Gold & Bro., Inc.* v. *United States* (33 Cust. Ct. 120, C. D. 1643), the claim for free entry under paragraph 1681 was sustained.

MOLLISON, J., dissented for the reasons set forth in his dissenting opinion in C. D. 1643, *supra*.

**No. 59790.**—Merchants Overseas Co. and Air Clearance Ass'n, Inc., et al. *v.* United States, protests 193118–K, etc. (New York).

Opinion by WILSON, J.  In accordance with stipulation of counsel that the merchandise is the same in all material respects as that the subject of Abstract 59105, the merchandise was held dutiable as follows: (1) The items marked with the letter "A" at 10 percent under the provision in paragraph 1528, as modified by the Torquay Protocol to the General Agreement on Tariffs and Trade (T. D. 52739), supplemented by Presidential proclamation (T. D. 52836), for imitation semiprecious stones, faceted, and (2) the items marked with the letter "B" at 30 percent under the provision in said paragraph, as modified by T. D. 51802, supplemented by T. D. 51898, for imitation semiprecious stones, not faceted.

**No. 59791.**—Kittay & Blitz, Inc., et al. *v.* United States, protests 221340–K, etc. (New York).

Opinion by WILSON, J.  In accordance with stipulation of counsel that the merchandise is the same in all material respects as that the subject of Abstract 59105, the merchandise was held dutiable as follows: (1) The items marked with the letter "A" at 10 percent under the provision in paragraph 1528, as modified by the Torquay Protocol to the General Agreement on Tariffs and Trade (T. D. 52739), supplemented by Presidential proclamation (T. D. 52836), for imitation semiprecious stones, faceted, and (2) the items marked with the letter "B" at 30 percent under the provision in said paragraph, as modified by T. D. 51802, supplemented by T. D. 51898, for imitation semiprecious stones, not faceted.

**No. 59792.**—Merchants Overseas Co. and H. W. Robinson & Co., Inc., et al. *v.* United States, protests 238776–K, etc. (New York).

Opinion by Wilson, J.   In accordance with stipulation of counsel that the merchandise is the same in all material respects as that the subject of Abstract 59105, the merchandise was held dutiable as follows: (1) The items marked with the letter "A" at 10 percent under the provision in paragraph 1528, as modified by the Torquay Protocol to the General Agreement on Tariffs and Trade (T. D. 52739), supplemented by Presidential proclamation (T. D. 52836), for imitation semiprecious stones, faceted, and (2) the items marked with the letter "B" at 30 percent under the provision in said paragraph, as modified by T. D. 51802, supplemented by T. D. 51898, for imitation semiprecious stones, not faceted.

Before the Second Division, March 29, 1956

**No. 59793.**—Chas. Kurz Co. v. United States, protest 238486–K (Philadelphia).

Opinion by Lawrence, J.   It was stipulated that the merchandise consists of scrap battery lead which has no value in the condition as imported but must be remanufactured by melting; that said merchandise is the same in all material respects as that involved in Abstract 58127; and that the regulations promulgated in pursuance of Public Laws 869 and 211 have been complied with.   Upon the record presented, it was held that the scrap lead is entitled to free entry under Public Laws 869 and 211, as claimed.

**No. 59794.**—Peter Commercial Corp. and Air Clearance Assn., Inc., et al. v. United States, protests 179758–K, etc.   (New York).

Opinion by Ford, J.   In accordance with stipulation of counsel that the merchandise consists of silk scarves or squares similar in all material respects to those the subject of United States v. The Specialty House, Inc., Bryant & Heffernan, Inc., et al.   (42 C. C. P. A. 136, C. A. D. 585), the claim of the plaintiffs was sustained.

**No. 59795.**—Brian Fabrics, Inc., and Bryant & Heffernan, Inc., et al. v. United States, protests 217655–K, etc. (New York).